STEPHEN COCKE v. THE BOARD OF POLICE OF COPIAH COUNTY.

1. BOARD OF POLICE: MAY EMPLOY COUNSEL.—By Art. 35, p. 420, of the Revised Code, the board of police is empowered to employ counsel, in all civil cases in which the county is interested; a plea in abatement, therefore, to a suit instituted in the name of the board of police, denying that the counsel whose name is signed to the declaration has authority in law to bring the suit, and averring that such authority is vested alone in the district attorney, should be stricken out as frivolous.

2. CIRCUIT COURT: JURISDICTION, TO ENFORCE PENALTY FOR FAILURE TO WORK ON PUBLIC ROADS.—The Circuit Court has jurisdiction to entertain an action in favor of the board of police, to recover from the owner, overseer, &c., of slaves, the penalty prescribed for a failure to work such slaves on a public road, wherever the amount of the penalty exceeds the sum of fifty dollars.

3. MASTER AND SLAVE: PUBLIC ROADS: WHEN MASTER NOT LIABLE FOR FAILURE OF SLAVES TO WORK ON ROADS.—The owner of slaves, who is absent from home, leaving them in the possession and under the management of his overseer, is not liable for the statutory penalty imposed for a failure to work the slaves on a public road, when the notice to work was given to the overseer and of which the owner had no knowledge until after the failure to work had occurred.

ERROR to the Circuit Court of Copiah county. Hon. John E. McNair, judge.

*Stephen Cocke,* in *propria persona,* for plaintiff in error.

*T. J. Wharton,* attorney-general, for the defendant in error.

HANDY, J., delivered the opinion of the court.

This action was brought by the defendant in error to recover of the plaintiff in error $172 50, for failure to work on the public road with twenty-three slaves, his property, subject to road duty, five days, after being duly warned thereto, under the provisions of the statute, Rev. Code, 174, Art. 18.

The defendant below first pleaded two pleas in abatement. 1st. Denying the power of King and Barlow, the attorneys, who brought the suit and whose names are signed to the declaration, to bring the suit, because Harvey F. Johnson was district attorney, and the person alone entitled to bring the suit as attorney for the plaintiff. 2d. Denying the jurisdiction of the Circuit Court over the subject-matter of the suit, and alleging that the jurisdiction pertained by law to a justice of the peace.

These pleas were struck out on motion of the plaintiff, and this is the ground of the first two assignments of error.

1. As to the attorneys who brought the suit. It is true, that Art. 70, p. 113 of the Revised Code makes it the duty of the district attorneys to appear and prosecute, within their districts, all civil cases in which the county may be interested. But Art. 35, p. 420, empowers the board of police to employ counsel in all civil cases in which the county is interested, to conduct the proceedings instead of the district attorney.

2. As to the jurisdiction of the court, it is insisted that the statute imposes a fine of one dollar and fifty cents for each slave separately, and for each day of delinquency; and that the remedy designated by the statute intends a proceeding before a justice of the peace for each slave and for each day separately; that the remedy is confined expressly to a justice of the peace by the terms of the statute, which excludes the jurisdiction of the Circuit Court by suit for the aggregate amount in one action.

It was manifestly the intention of the statute that such forfeitures should be enforced by justices of the peace in all cases within their jurisdiction. It was necessary to confer the jurisdiction on them

expressly, because their jurisdiction is special and limited. But this does not exclude the jurisdiction of the circuit courts in cases coming within their jurisdiction, which is general; and wherever the amount of forfeitures recoverable at one time exceeds the jurisdiction of a justice of the peace, it is not to be supposed that it was intended that the delinquent should be oppressed with the costs of a suit for each day separately and for each separate slave on account of which the party was liable to pay the sum. Such a construction applied to this case, would have subjected the defendant to one hundred and fifteen suits before a justice of the peace, for one dollar and fifty cents for each day that each slave was delinquent. No such unreasonable construction can be given to the statute. But it must be presumed that the legislature intended that, when the sum for which the party was liable was sufficient to come within the jurisdiction of the Circuit Court, the jurisdiction of that court, which is general, attached. Besides, it is well settled that whenever there are several small demands between the same parties, each of which separately would be within the jurisdiction of a justice of the peace, but in the aggregate exceed that jurisdiction, that suit must be brought in the Circuit Court, and not in the inferior court upon each separate demand, because such multiplication of suits is oppressive in increasing costs. And this case is fully within this rule.

These pleas were, therefore, frivolous, and were properly stricken out.

After these pleas were stricken out, the defendant pleaded *nil debit;* and upon that issue the case was tried. It was proved on the part of the plaintiff, that the overseer of the road at the time of the delinquency, gave personal notice to one Sands, who was the overseer and agent of the defendant, and had the control and management of his slaves subject to road duty, to work on the road at an appointed time; that the defendant was then absent and was said to be in the city of New Orleans, and the overseer of the road gave him no notice to work on the road with his slaves at the appointed time, and that the slaves did not appear or work at the time. Upon this evidence, the court refused to instruct the jury, at the instance of the defendant, that he was not liable to the

penalty of the statute, by the failure of the slaves to work according to the notice to the defendant's overseer.

The question presented is, whether the master of slaves, who is absent from the place of their residence or employment, at the time that notice is given to his overseer in charge of the slaves, and has no notice that his slaves are required to work at an appointed time, is liable to the penalty of the statute by reason of notice given to his overseer, and upon the failure of the slaves to appear and work.

The provision of the statute is, that " the notice, in case of slaves, shall be given to the master, overseer, or person having the possession or management of such slaves," . . . . " and if any slave, so summoned, shall fail to attend and perform the services so required, the master, overseer, or person having possession or management of such slaves, shall forfeit and pay the sum of one dollar and fifty cents for every day of such failure," &c.

It appears by this language, that the duty of producing the hands to work is imposed upon " the person having the possession and management of slaves;" whether he be the master, overseer, or other person, the notice is required to be given to such person, and the penalty is directed against him. The duty of producing the slaves to work, is required of the person who has the power immediately to comply with it; thereby obviating all difficulties about ownership, and insuring the performance of the service to the public. In the absence of the owner, it is clear that he cannot be affected by a notice given to his overseer in charge of slaves, and of which he has no knowledge ; because it is a personal duty which, under such circumstances, is required of him by law, and which is paramount to his duty to keep the slaves at his employer's work. To make the owner liable to a forfeiture which had been incurred without his knowledge or consent, and when he was in a situation in which he could not reasonably have prevented it, would be contrary to all principle ; for it would subject a person to a penalty without notice ; while to make the " overseer or person having the possession or management" of the slaves liable, after he had received notice, would be but a just punishment against him ; it would render the person to be charged more readily ascertained, and his liability more easily fixed ; and hence it would tend better to accomplish

the objects of the law, the prompt performance of the duty to the public.

We are, therefore, of opinion, that under the circumstances of this case, as shown in the evidence, the overseer, and not the owner of the slaves, was liable to the forfeiture, and that the court erred in refusing the instruction asked by the defendant.

Judgment reversed, and cause remanded for a new trial.